# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Craig Adkins,                                                                Case No. 3:18CV388

              Plaintiff

              v.                                                                    **ORDER**

Commissioner of Social Security,

              Defendant

      This is a Social Security case in which the plaintiff, Craig Adkins, appeals the Commissioner's decision denying his application for benefits.

      An administrative law judge found that Adkins suffered from multiple severe impairments, among them degenerative disc disease with radiculopathy. (Doc. 9, PageID 67). But the ALJ rejected Adkins's claim that his spinal condition met or equaled Listing 1.04(A), which specifies when the Commissioner will presume that a claimant's spinal condition disables him from gainful employment. The basis for the ALJ's decision was the absence of evidence that Adkins had "lost the ability to effectively ambulate or perform fine or gross motor movements[.]" (*Id.*, PageID 68).

      The ALJ then concluded that Adkins retained the residual functional capacity (RFC) to perform sedentary work, provided that the work entailed only occasional stooping and never required him to kneel, crouch, or crawl. (*Id.*, PageID 71). Because a significant number of jobs existed in the national economy that Adkins could perform, the ALJ ruled that he was not disabled. (*Id.*, PageID 83–84).

Now pending is Magistrate Judge Ruiz's Report and Recommendation (Doc. 14), which recommends that I affirm the Commissioner's decision, and Adkins's objections. (Doc. 15). Although the Commissioner filed a response, it does not address the merits of the objections; rather, it incorporates by reference the arguments the Commissioner made in her merits brief. (Doc. 16).

The gravamen of the objections is the ALJ's failure to discuss the fact that, in January, 2015, Adkins underwent an MRI that established the presence of herniated discs with nerve impingement, degenerative changes in facet joints, and narrowing of the neural foramina. (Doc. 9, PageID 627).

It is undisputed that the ALJ failed to discuss this evidence or whatever significance it might have had. The question before me, on de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), is whether the oversight matters.

For the reasons that follow, I overrule Adkins's first objection but sustain his second objection, vacate the Commissioner's decision, and remand the case for further proceedings.

**A. Listing 1.04(A)**

The Magistrate Judge ruled that substantial evidence supported the ALJ's finding that Adkins's degenerative disc disease did not meet or equal Listing 1.04(A).

"Listing 1.04 applies to disorders of the spine that compromise the nerve root or spinal cord." *Brauninger v. Comm'r of Soc. Sec.*, 2017 WL 5020137, *4 (S.D. Ohio 2017). To meet or equal the Listing, a claimant not only must prove that he has a "disorder[ ] of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord," but also provide evidence of: 1) nerve root compression; 2) limited spinal motion; 3) motor loss accompanied by sensory or

reflex loss; and 4) if the condition involves the lower back, positive straight-leg raising tests. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing § 1.04(A).

In the Magistrate Judge's view, there was substantial evidence to support the ALJ's finding that "the requisite motor loss was lacking[.]" (Doc. 14, PageID 1254). The ALJ had cited medical records that, *inter alia*, showed that Adkins had "normal strength in the lower extremities" and documented a lack of atrophy. (*Id.*).

Adkins's objection does not respond directly to the Magistrate Judge's reasoning.

Rather, Adkins faults the ALJ for not discussing the January, 2015 MRI, which, in Adkins's view, shows that he met or equaled Listing 1.04(A). (Doc. 15, PageID 1265–66, 1268). According to Adkins, the ALJ's decision was flawed because the ALJ "provided no discussion of herniated discs, impingement, stenosis . . . chronic pain . . . reduced range of motion in LS, decreased sensation/loss of reflexes, or positive straight leg raises[,]" all of which are required elements of Listing 1.04(A). (*Id.*, PageID 1268–69).

This objection has no merit.

As the Magistrate Judge explained, the ALJ "streamlined the analysis" under Listing 1.04(A) "by finding one of the criteria was not satisfied." (Doc. 14, PageID 1254). In effect, the ALJ assumed that Adkins could satisfy – and therefore did not discuss – the Listing's other requirements, but found that the Listing was inapplicable because there was no evidence of motor loss.

Adkins does not dispute (or mention) that finding in his objections to the R&R, nor do his objections cite any evidence in the record that would undermine the ALJ's motor loss finding. *Cf. Miller v. Comm'r of Soc. Sec.*, 848 F. Supp. 2d 694, 709 (E.D. Mich. 2011) (discussing the

type of evidence that suffices to prove motor loss under Listing 1.04(A)). Finally, Adkins has not explained how, if at all, the January, 2015 MRI establishes the required motor loss.

For these reasons, the ALJ's failure to discuss the January, 2015 MRI does not require reversal of her finding that Adkins did not meet or equal Listing 1.04(A).

## B. The January, 2015 MRI and the RFC

The ALJ's failure to discuss the January, 2015 MRI in connection with Adkins's RFC poses a more substantial problem.

In crafting the RFC, the ALJ recounted Adkins's "longstanding history of low back pain with radiation to the legs . . . since well before [his] alleged onset date." (Doc. 9, PageID 72).

The ALJ also documented Adkins's claim that his "chronic pain," which he attributed to "lumbar ruptured discs," had "worsened" after his alleged onset date. (*Id.*, PageID 71). Here the ALJ cited to Adkins's testimony at the hearing, where he explained that he has "daily pain in his lower back that radiates to his legs causing his feet to swell and a burning sensation on the top of his feet that really limits what he can do." (*Id.*). Adkins also testified that "the only way for his pain to go away [was] to lay down most of the time." (*Id.*, PageID 71 –72).

Nevertheless, the ALJ concluded that the "objective evidence" was "not consistent [with] the degree of severity alleged" by Adkins. (*Id.*, PageID 72). This was so, the ALJ found, because "the record does not evidence any mitigating factor, event, or explanation as to why [Adkins's] symptoms had increased in severity or deteriorated since his alleged onset date." (*Id.*).

As Adkins argues, that statement was not accurate. The January, 2015 MRI, appears to show that his degenerative disc disease had worsened, perhaps significantly, since his alleged onset date, in June, 2014. (*Compare* Doc. 9, PageID 466 (results of a 2012 MRI) *with* Doc. 9, PageID 627 (results of the January, 2015 MRI)).

4

The ALJ overlooked the more recent MRI and thus did not reconcile it with her conclusion that there was no objective evidence supporting Adkins's testimony about increased pain after his alleged onset date. In these circumstances, the ALJ's decision, resting as it does on a demonstrably incorrect statement about the content of the medical record, cannot stand. *See, e.g.*, *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) ("an ALJ must consider all relevant evidence in the case record").[1]

This is not to say, however, that the ALJ must reach a different decision on remand.

As her decision shows, there is a good deal of evidence in the record – much of which is concurrent with or postdates the January, 2015 MRI – tending to support a conclusion that Adkins's degenerative disc disease does not prevent him from working. (Doc. 9, PageID 73–74). But how that evidence squares with the results of the January, 2015 MRI is an issue that the ALJ must address in the first instance.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 15) be, and the same hereby, are overruled in part and sustained in part, as provided herein; and

---

[1] In so holding, I disagree with the Magistrate Judge's ruling that Adkins "waived" his arguments based on the January, 2015 MRI. (Doc. 14, PageID 1259 & n.5). Adkins did much more than simply argue that the MRI "could be perceived as supporting" more severe restrictions in his RFC. (*Id.*, PageID 1259). He emphasized that the ALJ did not address the evidence at all and argued that it undermined the ALJ's conclusion that no objective evidence supported his claim that his physical symptoms increased after the alleged onset date. (Doc. 10, PageID 1197–98).

2. The Commissioner's decision be, and the same hereby is, vacated, and the case is remanded for further proceedings consistent with this opinion.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge