IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig Allen Adkins,                                          Case No. 3:18CV388

        Plaintiff

        v.                                                      **ORDER**

Commissioner of Social Security,

        Defendant

This is a Social Security case in which the plaintiff, Craig Adkins, successfully appealed from the Commissioner's decision denying his application for benefits. *Adkins v. Comm'r of Soc. Sec.*, 2019 WL 1040943 (N.D. Ohio) (Carr, J.).

Pending is Adkins's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 19). The Commissioner opposes. (Doc. 20).[1]

For the reasons that follow, I grant the motion in part.

**Background**

**I. The Disability Application and the ALJ's Decision**

On December 16, 2014, Adkins applied for benefits, alleging disability "due to severe anxiety and depression, lumbar ruptured discs with constant pain and sleep apnea." (Doc. 9, PageID #171, 253-259). After a hearing, an administrative law judge (ALJ) rejected Adkins's application, finding that Adkins "does not have an impairment or combination of impairments

---

[1] At the time Adkins filed his motion, the Acting Commissioner of Social Security was Nancy Berryhill. In the meantime, on June 17, 2019, the same day the Commission responded to the motion, Andrew Saul assumed the position of Commissioner of Social Security.

1

that meets or medically equals" a listed impairment and that he has the residual functional capacity (RFC) to perform sedentary work with limitations:

> He can occasionally climb ramps and stairs, never climb ladders and ropes or scaffolds, and can occasionally balance, stoop, but never kneel, crouch, and crawl. He is also limited to performing simple, routine, repetitive tasks, but not at a production rate pace, for example, no assembly line work. He is limited to making simple work-related decisions. He is limited to responding appropriately to occasional interaction with supervisors, coworkers, and the general public. Finally, he is limited to tolerating few changes in the work setting, defined as routine job duties performed in a stable, predictable work setting. Any necessary changes need to occur very infrequently, if at all, and be adequately and easily explained. He is to have a sit/stand option of: each 60 minutes the allowance to change position at the workstation for two minutes.

(*Id.*, PageID #68, 71).

The ALJ concluded that, within this RFC, Adkins can perform "jobs that exist in significant numbers in the national economy." (*Id.*, PageID #83).

## II. Adkins's Appeal

Adkins appealed, arguing that the ALJ erred by 1) determining that Adkins's back condition did not meet Listing 1.04A and 2) failing to consider Adkins's functional limitations when crafting the RFC. (Doc. 10 at 8). As to his second objection, Adkins asserted that the "RFC finding . . . is founded on the incorrect legal standard and misstated facts" related to both his back condition and his mental health impairments. (*Id.* at 12-23).

Magistrate Judge Ruiz rejected Adkins's arguments and recommended that I affirm the ALJ's decision. (Doc. 14).

Adkins objected. His objections focused only on his back condition, that is, he asserted that the ALJ erred by failing to consider a January, 2015 MRI when making the listed impairment and RFC determinations. (Doc. 15).

I overruled Adkins's objection as to the listed impairment finding but sustained his objection as to the RFC determination. Specifically, I held that the ALJ mischaracterized the

2

record evidence regarding Adkins's back pain when she determined that "the 'objective evidence' was 'not consistent [with] the degree of severity [Adkins] alleged[.]'" *Adkins*, *supra*, 2019 WL 1040943 at *2 (quoting Doc. 9, PageID #72) (brackets in original). Rather, I explained, "[t]he January, 2015 MRI[,]" which the ALJ never acknowledged, "appears to show that [Adkins's] degenerative disc disease had worsened, perhaps significantly, since his alleged onset date, in June, 2014." *Id.* at *2 (internal citations omitted).

Accordingly, I vacated the ALJ's decision and remanded with instructions to consider the January, 2015 MRI. *Id.*

## Discussion

The Commissioner argues that 1) Adkins is not entitled to attorneys' fees under the EAJA because the Commissioner's position was substantially justified and 2) even if Adkins can recover attorneys' fees, the amount sought is unreasonable.

### I. Substantial Justification

Under the EAJA, "a court shall award to the prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A).

> The government's position is substantially justified if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." This standard "means, of course, more than merely undeserving of sanctions for frivolousness"; and is not different from having "a reasonable basis both in law and fact."

*Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

"The Government bears the burden of proving that a given position was substantially justified[.]" *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (citing

3

*Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004)). "Remand 'alone[]' . . . does not necessarily require an award of fees because the remand standard is not the equivalent of finding that the government's position was not substantially justified." *Glenn*, *supra*, 763 F.3d at 498 (quoting *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)).

Adkins argues that the Commissioner's position was not substantially justified because, in overlooking the January, 2015 MRI, the ALJ "falsely assert[ed] that there was no objective evidence to support the claimant's increased level of symptoms." (Doc. 21 at 2). The Commissioner submits that this was a mere "articulation error," especially because, as explained in my previous order, *Adkins*, *supra*, 2019 WL 1040943 at *2, other record evidence showed that Adkins's back condition had improved. (Doc. 20 at 2 (citing *Lupton v. Colvin*, 2016 WL 3475021 (N.D. Ohio) (Gwin, J.)).

I agree with Adkins.

An articulation error, that is, "an ALJ's failure to provide an adequate explanation for his findings[,] does not establish that a denial of benefits lacked substantial justification." *DeLong*, *supra*, 748 F.3d at 727. For example, in *Lupton*, *supra*, 2016 WL 3475021 at *3-4, the court held the ALJ committed an articulation error by insufficiently explaining why he discounted two physicians' opinions.

Conversely, where an ALJ "selectively considers the evidence in denying benefits, . . . the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004); *see also Glenn*, *supra*, 763 F.3d at 498.

For example, in *Valentine v. Commissioner of Social Security*, 2018 WL 500342 (E.D. Mich.), the court held that the commissioner was not substantially justified because the ALJ

mischaracterized the record evidence. Specifically, the ALJ stated that "no objective medical evidence" showed that claimant had a listed impairment, but the record contained treatment notes, which the ALJ later described, to the contrary. *Id.* at *2 (internal quotations omitted).

Likewise, here, the ALJ "abidcat[ed] . . . [her] duty adequately to review and account for all the pertinent medical information" when she overlooked the January, 2015 MRI and mischaracterized the evidence when she stated the record showed improvement only. *See Valentine*, *supra*, 2018 WL 500342 at *3. This was not a mere articulation error.

The Commissioner also argues that he was substantially justified because Adkins succeeded on only his RFC objection but not his listed impairment objection. (Doc. 20 at 2-3).

This argument is meritless. "[T]he substantially justified standard is not 'a matter of comparing the number of successful claims in a single appeal.'" *Bass v. Colvin*, 120 F. Supp. 3d 697, 702 (N.D. Ohio) (2015) (Carr, J.) (quoting *Glenn*, *supra*, 763 F.3d at 498). "Rather, the question is whether the government's position *in opposing remand* is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." *Glenn*, *supra*, 763 F.3d at 498-99 (emphasis in original).

Because I have determined that the ALJ's decision was not so supported, the Commissioner was not substantially justified in opposing remand.

## II. Amount of Fees

Under the EAJA, the prevailing party may recover "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

"Courts regularly utilize the lodestar approach to calculating attorneys fees, 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Zannon v. Comm'r of Soc. Sec.*, 2010 WL 1524143, *2 (E.D. Mich.) (citing *Blanchard v.*

*Bergeron*, 489 U.S. 87, 94 (1983)); *accord Butler v. Comm'r of Soc. Sec.*, 2011 WL 1871408, *3 (N.D. Ohio) (Carr, J.) (internal citations omitted). "The plaintiff bears the burden of proving the reasonableness of the fees requested." *Butler*, *supra*, 2011 WL 1871408 at *3 (internal citations omitted); *accord Zannon*, *supra*, 2010 WL 1524143 at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## A. Hours Claimed

In an affidavit filed with the fee petition, Adkins's counsel represents that he spent 57.8 hours working on the case. He seeks compensation for 51.0 of those hours. (*See* Doc. 19-1).

"While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented." *Zannon*, *supra*, 2010 WL 1524143 at *2 (citing *Hensley*, *supra*, 461 U.S. at 433-34); *accord Jascha v. Colvin*, 2016 WL 736195, *1 (N.D. Ohio) (Carr, J.) (internal citation omitted); *Escobar v. Colvin*, 2015 WL 4041845, *5 (N.D. Ohio) (Vecchiarelli, Mag. J.); *Rodriguez v. Astrue*, 2012 WL 2905928, *2 (N.D. Ohio) (Vecchiarelli, Mag. J.) (quoting *Hensley*, *supra*, 461 U.S. at 434). "In determining whether the time expended was reasonable, courts may consider 'the complexity of the case, the length of the administrative record and counsel's familiarity with it, the legal research required, and the skills and contemporaneous time records of counsel.'" *Jascha*, *supra*, 2016 WL 736195 at *1 (quoting *Crim v. Comm'r of Soc. Sec.*, 2013 WL 1063476, *1 (S.D. Ohio)).

The Commissioner asks that I reduce the time Adkins's counsel claims he spent on the merits brief – reviewing the record, performing legal research, drafting, and editing – from 37.4 hours to 20 hours (a 47%, or nearly one-half, reduction). Such a reduction is appropriate, the Commissioner claims, because the issues in this case were not novel or complex and because

Adkins's counsel made "several of the same arguments made . . . at the administrative level[]" in this appeal. (Doc. 20 at 4).

In *Jascha*, *supra*, 2016 WL 736195 at *2, I declined to cut thirty-four hours claimed for time spent preparing a merits brief where the appeal involved a 1,100-page record, and the brief "was long on facts, rife with case citations, and grounded in well-reasoned arguments supporting [claimant's] three claims for relief."

I likewise decline to chop the hours Adkins's counsel spent crafting his opening brief.

In preparing the brief, Adkins's counsel, who did not represent Adkins at the agency level and therefore was unfamiliar with the case, had to review an 1,140-page record, "which is significantly larger than the average record[.]" *See Jascha*, *supra*, 2016 WL 736195 at *2. The time "counsel spent reviewing the record w[as] not only reasonable, but also prudent." *Id.*; *Hoover v. Colvin*, 2016 WL 7048311, *3-*4 (N.D. Ohio) (Lioi, J.) (noting that "a thorough review of the record and preparation of a brief takes time[,]" even where counsel represented the claimant before the agency, and declining to reduce time sought for reviewing 1,000-page record).

Moreover, Adkins's merits brief was not, as the Commissioner would have me believe, a regurgitation of the agency appeal. There is "a substantial difference between the work" the agency appeal required and "the work that went into the merits brief." [2] *See Jascha*, *supra*, 2016 WL 736195 at *2. While the agency appeal was two pages long with four, one-paragraph

---

[2] Adkins also argues that the time sought is reasonable because he won his case after objecting to the magistrate's R&R, which "is not a routine occurrence." (Doc. 21 at 4). This argument is not relevant, however, to the Commissioner's request that I reduce the amount of time sought for preparing the merits brief.

arguments, (*see* Doc. 9 at PageID #350-51), the merits brief was twenty-five pages, detailed the facts with record citations, and supported Adkins's claims with extensive analysis. (*See* Doc. 10).

I will reduce Adkins's counsel's hours, however, insofar as the entries submitted include clerical tasks.

"Purely clerical or secretarial tasks, that is, *non-legal* work, should not be billed . . . regardless of who performs the work." *Rodriguez*, *supra*, 2012 WL 2905928 at *3 (citing *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989)); *accord Jascha*, *supra*, 2016 WL736195 at *4 (citing *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 651 (S.D. Ohio 2013); *Potters v. Blue Cross Blue Shield*, 10 F. Supp. 3d 737, 750 (E.D. Mich. 2014)). Time spent, for example, calendaring matters, serving documents, and taking dictation is non-compensable clerical work. *See Rodriguez*, *supra*, 2012 WL 2905928 at *2-*3 (citing *Wiegand v. Sullivan*, 900 F.2d 261, 1990 WL 51387, *1 (6th Cir.); *Taylor v. Barnhart*, 2002 WL 31654944, *4 (N.D. Ill.); *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004); *Barriger v. Bowen*, 673 F. Supp. 1167, 1170 (N.D.N.Y. 1987)).

Counsel's affidavit includes eight entries that, at least in part, seek compensation for "tickling," or calendaring the case for deadlines or other tasks. (Doc. 19-1 at 2-3). Such work is not compensable, and I will reduce each such entry by 0.2 hours, a 1.6-hour reduction.

Accordingly, Adkins may recover fees for 49.4 hours of attorney work.

### B. Rate Claimed

Adkins's counsel requests $185 per hour for his work on this appeal. That rate, the Commissioner submits, is unreasonable.

"The amount of fees awarded under" the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be

awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Adkins, citing the Consumer Price Index (CPI) for the Midwest urban region, argues that an increased cost of living since March, 1996 supports the requested rate.[3] (Doc. 19 at 1; Doc. 21 at 6). The Commissioner counters that Adkins's cannot rely on the CPI alone in requesting a rate above the cap. (Doc. 20 at 4).

I agree with Adkins.

"The decision to make adjustments to the hourly rate based upon increases in the [CPI] as to the cost of living are left to the sound discretion of the district court." *Titus v. Astrue*, 2009 WL 4730588, *1 (N.D. Ohio) (Boyko, J.) (citing *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)); *accord Butler*, *supra*, 2011 WL 1871408 at *3 (internal citations omitted). And, notably, I have rejected the very argument the Commissioner makes here several times over. *E.g.*, *Elson v. Comm'r of Soc. Sec.*, 2012 WL 12024123, *2 (N.D. Ohio) (Carr, J.); *see also Bass*, *supra*, 120 F. Supp. 3d at 703-04 (citing *id.*); *Draper v. Comm'r of Soc. Sec.*, 980 F. Supp. 2d 841, 842-43 (2013) (same).

The CPI indicates that the cost of living has increased from 151.70 in 1996 to 238.219 in May, 2019. (Doc. 21 at 5; Doc. 21-1 at 2).[4] Dividing the May, 2019 CPI by the March, 1996 CPI results in a factor of 1.57. Multiplying 1.57 by the $125 cap equals a rate of $196.25 per hour.[5]

---

[3] Congress enacted the $125 cap in March, 1996. *See Moxley v. Comm'r of Soc. Sec.*, 2016 WL 5922382, *2 (N.D. Ohio) (Burke, Mag. J.) (citing Publ. L. No. 104-121, 110 Stat. 847 (1996)).

[4] The CPI data Adkins cites does not contain the March, 1996 cost of living. My opinion in *Bass*, *supra*, 120 F. Supp. 3d at 703, however, listed that figure at 151.70, and Adkins cites *Bass* in further support of his request for fees at the $185 rate. (Doc. 21 at 7).

[5] Moreover, counsel provided additional support for the requested rate on reply, including: data showing increased costs at Adkins's attorney's firm (Doc. 21 at 6 (citing Doc. 21-2)); statistics

*See Butler*, *supra*, 2011 WL 1871408 at *4 (calculating maximum rate according to this formula); *Titus*, *supra*, 2009 WL 4730588 at *5 (same).

I therefore agree with counsel that $185 per hour is a reasonable rate in this case.[6]

## Conclusion

It is, therefore,

ORDERED THAT

1. Plaintiff Adkins's motion for attorney's fees pursuant to the Equal Access to Justice Act (Doc. 19) be, and the same hereby is, granted in part as provided herein; and

2. Plaintiff's counsel shall submit a final order stating the amount due and owing in light of the foregoing.

/s/James G. Carr
Sr. U.S. District Judge

---

showing that the agency frequently agrees to fee awards above the rate he seeks (*id.* (citing Doc. 21-3)), calculations showing that – because counsel takes cases on a contingency basis – the average fee recovered is actually much lower than the statutory cap (*id.* at 6-7); and a citation to a case where I awarded – five years ago – fees at a rate of $187.04 per hour (*id.* at 7).

[6] Finally, because the EAJA authorizes me to award costs to the prevailing party, *see* 28 U.S.C. § 2412(a)(1), and the Commissioner does not oppose such an award here, I will grant Adkins's request for $400 in costs (*see* Doc. 20).